Dear Mr. Gegenheimer:
You requested the opinion of this office regarding whether it is permissible, under Article VII, Section 14 of the Louisiana Constitution, to use personal computers placed in various Jefferson Parish courtrooms pursuant to a criminal docket information management program operated jointly by the 24th
Judicial District Court, your office and the district attorney to retrieve civil case information. Your request has been assigned to me for a response.
I briefly discussed this matter with Mr. John Molaison, Executive Assistant District Attorney. As I understand the situation, while the District Attorney's Office has no objection to the use of the computers for the retrieval of civil case information, that office is concerned that such use would violate Article VII, Section 14 because the District Attorney has no legal obligation in connection with civil matters. Mr. Molaison explained that under Jefferson Parish's home rule provisions, the District Attorney does not act as counsel for the parish, the school board or any other boards, commissions or political subdivisions. Consequently, the District Attorney's activities are restricted to criminal matters and a very few civil forfeiture cases.
As you know, Article VII, Section 14(A) prohibits the donation, pledge or loan of property of the state or any political subdivision. Under City of Port Allen v. La. Risk Management,439 So.2d 399 (La. 1983) it is clear that Article VII, Section 14 seeks to prohibit the state or a political subdivision from giving up something of value when it is under no legal obligation to do so. we do not view the mere use of "dumb" computer terminals, not being used in connection with the criminal case information system at the time, as a thing of value which the District Attorney would be prohibited from donating under ArticleVII, Section 14(A) of the Louisiana Constitution. Compare Attorney General Opinion No. 94-598, wherein we opined that allowing employees of the Department of Health and Hospitals to ride to work in state vehicles already properly in use by other employees for that purpose did not constitute giving up something of value to the Department of Health and Hospitals. We see little distinction here.
Furthermore, as you pointed out in your letter, efficient operation of the civil docket of the court promotes efficient operation of the court's criminal docket, thereby again assisting the District Attorney in the exercise of his duties.
Therefore, it is the opinion of this office that the District Attorney may allow the use of the computers by the Clerk's personnel for civil docket purposes without running afoul of Article VII, Section 14 of the Louisiana Constitution.
We trust this opinion provides you with the necessary information to satisfy your query.
Should you have further questions, please do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ RANDALL A. KARR ASSISTANT ATTORNEY GENERAL
Enclosure
Date Received: Date Released:
Randall A. Karr Assistant Attorney General